**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| JOHN THOMAS HAYES JR.,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; and FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 2:26-cv-00323<br><br>ORDER GRANTING DEFENDANTS EXPERIAN AND EQUIFAX MOTION TO DISMISS AND DEFENDANT TRANS UNION'S MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on "Defendants Experian and Equifax Motion to Dismiss and Defendant Trans Union's Motion to Dismiss." Dkt. # 32. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the motion.

A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss and thus the standard for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion. *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). When considering such a motion, a court may consider the pleadings, documents attached to the pleadings, documents incorporated therein, or matters of judicial notice. *Cf. United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Courts must accept

the non-moving party's well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

The Court agrees with the CRA Defendants that the complaint does not meet FCRA's requirement of a cognizable factual inaccuracy. Plaintiff does not dispute that he sent the payments at issue to the wrong address. The Court does not reach the CRA Defendants' argument that "Plaintiff's Legal Dispute With Freedom Does Not Create an Inaccuracy Under the FCRA." *See* Dkt. # 32 at 7.

Accordingly, the Court GRANTS the motion and DISMISSES the claims against the CRA Defendants without prejudice. The Court GRANTS Plaintiff leave to file an amended complaint on or before September 25, 2026. In doing so, the Court suggests that Plaintiff carefully consider all the arguments raised by the CRA Defendants in their motion. Finally, the Court DENIES the CRA Defendants' request for fees and costs, which is not supported by citation to legal authority.

DATED this 4th day of September, 2026.

John H. Chun

JOHN H. CHUN
United States District Judge